UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA MILLER | CIVIL ACTION |
| VERSUS | NO. 25-755 |
| CARRABBA'S ITALIAN GRILL, LLC, et al. | SECTION "A" (4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 7)**, filed by the plaintiff, Cynthia Miller. The motion, which was noticed for submission on June 25, 2025, is before the Court on the briefs and without oral argument. Defendant Carrabba's Italian Grill, LLC opposes the motion. For the following reasons, the motion is denied without prejudice.

**I.    Background**

This is a tort action arising out of injuries Plaintiff alleges she sustained after swallowing marinara sauce containing shards of glass while dining at a Carrabba's Italian Grill.[1]

Plaintiff filed her lawsuit in state court on February 18, 2025,[2] which was removed to this Court on April 17, 2025.[3] In its Notice of Removal, Defendant asserts that this Court has jurisdiction to preside over the matter pursuant to 28 U.S.C. § 1332(a) for the following reasons: first, the parties are diverse;[4] and second, although the petition is silent as to the amount of damages, the monetary

---

[1] *See* Rec. Doc 7-2, at 6.

[2] Rec. Doc. 1-4, at 3.

[3] Rec. Doc. 1. A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a).

[4] Rec. Doc. 1, ¶¶ 10–11 (asserting that Plaintiff is a citizen of Louisiana and Defendant is a citizen of Florida). The Court notes that Defendant arrived at the right conclusion, but by the wrong analysis, for determining citizenship. The Notice of Removal states that "Defendant Carrabba's is a foreign limited liability company domiciled in the State of Florida, with its principal place of business in Tampa, Florida. Rec. Doc. 1, ¶ 11. While this may be true, it is improper for the purpose of establishing citizenship. As a limited liability company, Defendant takes on the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant has a sole member—OSI Restaurant Partners, L.L.C.—who, according to Florida Department of State filings, has two members,

threshold to establish diversity jurisdiction was nonetheless satisfied when "Plaintiff's counsel sent correspondence to Carrabba's representatives demanding an amount in excess of $75,000.00 for the resolution of his client's claims and valued such in excess of the aforementioned amount."[5] Plaintiff does not contest that the Notice of Removal sets forth adequate facts to establish that the amount in controversy exceeds the monetary threshold based on the "other paper" rule, but the Court notes that the Notice lacks requisite information establishing that the case was removed within 30 days of Defendant receiving such notice. *See* 28 U.S.C. § 1446(b).

The instant motion seeking a remand to state court was filed on May 15, 2025.[6] The motion principally argues that Defendant failed to meet its burden upon removal to establish complete diversity between the parties because an unidentified "John Doe" employee is individually named in the lawsuit, and John Doe's presumed Louisiana citizenship destroys diversity in this case.[7] In the alternative, "Plaintiff seeks limited jurisdictional discovery to confirm the identity and citizenship of the responsible employee(s)."[8]

In opposition, Defendant makes the following arguments: first, "[t]he citizenship of fictitiously named defendants is disregarded for purposes of diversity jurisdiction under 28 U.S.C. § 1441(b)(1)"; second, the "John Doe defendant is neither personally liable nor indispensable to the instant action, as the Plaintiff's claims are based solely on a theory of *respondeat superior* against Carrabba's"; and third, "[e]ven if the Plaintiff were permitted to conduct limited jurisdictional discovery and thereafter

---

both of which are natural persons domiciled in Florida. *See Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of secretary of state public records). As such, Defendant is a Florida citizen.

[5] Rec. Doc. 1, ¶ 6. Pursuant to 28 U.S.C. § 1446(b), "when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). "Other paper" requires a voluntary act of the plaintiff that converts a non-removable case into one that can be removed. *Id.* A defendant may make this showing "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[6] *See* Rec. Doc. 7-2.

[7] Rec. Doc. 7-2, at 9.

[8] Rec. Doc. 7-2, at1.

2

amend the Original Petition by identifying the employee, such amendment would be improper because the sole purpose would be to defeat diversity jurisdiction."[9]

## II. Law and Analysis

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Generally speaking, the merits of a removal action are determined in light of the jurisdictional facts that existed at the time of removal. *See Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *3 (E.D. La. Nov. 10, 2015) (Barbier, J.) (citing *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)); *see also Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

Three portions of the removal statute serve to guide the Court's analysis in deciding the instant motion: first, Section 1441(b)—"In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"; second, Section 1447(e)—"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court"; and third, Section 1447(c)—"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

With the above referenced portions of the removal statute in mind, Plaintiff's motion is denied without prejudice for the following reasons. ***First***, while it appears that the identity of the fictitious defendant may be known, Plaintiff did not name him prior to removal and has not sought to name him

---

[9] Rec. Doc. 9, at 2.

since the case was removed to this Court. As such, the parties were diverse at the time the case was removed (and remain diverse today). **Second**, Plaintiff is not barred from seeking leave to amend her complaint for the purpose of naming the fictitious defendant, but the record does not reflect any attempt to do so. As such, whether diversity of citizenship has been destroyed is not ripe for consideration. And ***third***, while the law is clear that this Court must remand the case if it appears that jurisdiction is lacking, the jurisdictional facts presently before the Court make clear that there is no basis for a remand at the present time.

The information Plaintiff seeks is certainly discoverable. When she ascertains the information through the normal discovery process, she may seek leave to amend her complaint for the purpose of naming the fictitious defendant, at which point Defendant may oppose her motion and the issue will be ripe for the Court's consideration. But the Court declines to order the "limited jurisdictional discovery" given that the case is properly before it at the present time.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)**, filed by the plaintiff, Cynthia Miller, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, within 7 days of this Order's entry, the defendant **shall** supplement the record with evidence establishing that removal to this Court occurred <u>within 30 days</u> of receiving the correspondence from Plaintiff's counsel which it asserts allowed it to ascertain that the amount in controversy exceeded the statutory threshold. 28 U.S.C. § 1446(b)(3). If the evidence establishes that the correspondence was received more than thirty days before the case was removed, then the matter must be remanded to state court.

June 30, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE